IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>TIARRA MITCHELL,<br><br>        Defendant. | ORDER and MEMORANDUM DECISION<br><br><br><br>Case No. 2:08-cv-56 CW |

In this action, Plaintiff Zurich American Insurance Company seeks a declaration that it is not required to provide underinsured motorist ("UIM") benefits to Defendant Tiarra Mitchell under an insurance policy Zurich issued to Ms. Mitchell's employer. Now before the court is Zurich's motion for summary judgment (Dkt. No. 22). For the reasons set forth below, this motion is GRANTED.

## BACKGROUND

On May 31, 2006, Ms. Mitchell was seriously injured in a motor vehicle accident as she drove a vehicle owned by her employer, CSK Auto. Ms. Mitchell was working at the time of the accident. The vehicle that Ms. Mitchell was driving was covered by an insurance policy issued to CSK by Zurich. That policy had bodily injury limits of $2,000,000 after a $250,000 deductible.

Ms. Mitchell obtained the limits of the policy of the driver who caused the accident. Ms. Mitchell's recovery from that policy, however, did not fully cover the damages that she alleges she suffered in the accident. Accordingly, Ms. Mitchell made a claim with Zurich for UIM benefits under the CSK policy. Zurich denied Ms. Mitchell's UIM claim on the basis that CSK waived UIM coverage in its entirety and that its waiver comported with the relevant Utah statute. Ms. Mitchell disagreed, asserting that CSK's waiver was invalid and pointing out that absent a valid waiver, insurance policies are required to provide UIM coverage to the limits of the policy.

At the heart of the dispute is the uncontested fact that Zurich did not give CSK a quote on the potential cost of UIM coverage before CSK's agent signed the waiver of UIM coverage.[1] Zurich takes the position that providing such a quote is not required by the statute, while Ms. Mitchell asserts that it is. After it was clear that the dispute was not going to be resolved outside of court, Zurich filed this action, seeking a declaration that it is not required to provide Ms. Mitchell with UIM benefits. Zurich now moves for summary judgment in its favor.

---

[1] Ms. Mitchell also points out that there are two forms in the file on CSK's policy, one in which coverage for UIM is waived, and the other on which coverage for UIM is purchased. According to Ms. Mitchell, the presence of two forms raises a disputed issue as to whether CSK might have affirmatively purchased UIM coverage. Zurich has presented evidence, however, that the waiver form applied to fleet vehicles, including the one driven by Ms. Mitchell, while the acceptance form applied only to executive vehicles. Ms. Mitchell has not presented evidence calling that explanation into question. The court does not find the presence of two forms by itself is evidence that could reasonably support the conclusion that CSK actually intended to purchase UIM coverage for fleet vehicles. Accordingly, this fact does not factor into the analysis here.

Ms. Mitchell has also argued that Zurich did not comply with renewal notice requirements for the relevant policies. This argument is not well taken, however, because the accident in question took place during the first coverage period, not during renewal periods.

## ANALYSIS

**I. Summary Judgment Standards**

"Summary judgment is proper if the evidence submitted by the parties, viewed in the light most favorable to the non-movant, indicates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Faustin v. City & County of Denver, Colo.*, 423 F.3d 1192, 1198 (10th Cir. 2005) (citations and internal quotation marks omitted). *See also* Fed R. Civ. P. 56(c).

**II. Waiver**

This case comes down to a simple question: did Utah statute require Zurich to provide a quote on UIM coverage to CSK before CSK could validly waive such coverage? If the answer is "no," as urged by Zurich, then summary judgment should be granted. If the answer is "yes," then summary judgment should be denied. The relevant statute is Utah Code Annotated ¶31A-22-305.3. Specifically, there are two subsections on which the parties center their arguments here: 2(b) and 2(g).

Utah Code Annotated § 31A-22-305.3(2)(b) states as follows:

For new policies written on or after January 1, 2001, the limits of underinsured motorist coverage shall be equal to the lesser of the limits of the insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the insured's motor vehicle policy, unless the insured purchases coverage in a lesser amount by signing an acknowledgment form that:

(i) is filed with the department;

(ii) is provided by the insurer;

(iii) waives the higher coverage;

(iv) reasonably explains the purpose of underinsured motorist coverage; and

3

(v) discloses the additional premiums required to purchase underinsured motorist coverage with limits equal to the lesser of the limits of the insured's motor vehicle liability coverage or the maximum underinsured motorist coverage limits available by the insurer under the insured's motor vehicle policy.

Later in that statute, Utah Code Annotated § 31A-22-305.3(2)(g) states:

(g)(i) A named insured may reject underinsured motorist coverage by an express writing to the insurer that provides liability coverage under Subsection 31A-22-302(1)(a).

(ii) This written rejection shall be on a form provided by the insurer that includes a reasonable explanation of the purpose of underinsured motorist coverage and when it would be applicable.

Zurich argues that because CSK entirely rejected UIM coverage, only 2(g)(ii) applies. Zurich contends that it complied with 2(g)(ii)'s requirement here because the waiver form it gave to CSK provided "a reasonable explanation of the purpose of [UIM] coverage." Zurich argues that 2(b)'s premium estimate requirement applies only if the insured is purchasing less than full UIM coverage, which was not the case here.

Ms. Mitchell does not argue that the waiver form completed by CSK did not contain a reasonable explanation of UIM coverage. Rather, she asserts that 2(g) cannot be read independently of 2(b). That is, she contends that the statute should be read to require that an insured waiving UIM coverage completely must be informed of how much more it would cost to buy UIM coverage.[2] She makes two main arguments in support of this proposition. First, she contends that Utah Code Annotated § 31A-22-302(1)(c) states that policies "shall" include UIM

---

[2] Ms. Mitchell also points out that in Zurich's own waiver of UIM coverage form, there are blank spaces in which additional premium figures are supposed to be entered before the insured signs. In this case, of course, those spaces are empty. Ms. Mitchell does not, however, argue that Zurich's failure to comply with its own form's requirements alone would create coverage here.

4

coverage "unless affirmatively waived under Subsection 31A-22-305.3(2)." According to Ms. Mitchell, because it does not specify whether 2(b) or 2(g) must be complied with, 302(1)(c) must be read to refer to both.

Ms. Mitchell also argues as a policy matter that it frustrates the purpose of the statute to require more information to purchase less UIM coverage than it does for insureds who are waiving UIM coverage entirely. As Ms. Mitchell understands *General Security Indem. Co. of Az. v. Tipton*, 158 P.3d 1121 (Ut. Ct. App.) *cert denied* 168 P.3d 819 (Utah 2007), the Utah legislature's intent in the uninsured motorist and UIM statutes is to provide maximum information to insurance consumers. She asserts that this intent is best put into practice by requiring insurers to inform insureds about the cost of UIM before they are allowed to waive UIM coverage.

Before the court engages in its own analysis, it is worth noting that a Utah court recently left open the question of whether 2(b) and 2(g) should be read together. *See Lopez v. United Auto. Ins. Co.*, 2009 Ut. App. 389, *17-18 n.9 (Dec. 24, 2009). In leaving the question open, however, that court gave a clear indication of how it would probably decide the issue. That is, the *Lopez* court explained that it "noted in [*Tipton*, 158 P.3d at 1124 n. 5] that there are different statutory requirements for waiver of all UM benefits and wavier of a higher level coverage." *Lopez*, 2009 Ut. App. 389, *17-18 n.9. This footnote is an unmistakable signal that Utah courts are inclined to read the requirements of 2(g) separately from those of 2(b). Admittedly, *Lopez* did not address the arguments Ms. Mitchell makes here, so the court does not consider *Lopez* dispositive. Nonetheless, in light of the fact that Utah courts went out of their way in both *Tipton* and *Lopez* to note that the requirements are separate, it appears quite likely that Utah courts

5

would conclude that all that is required to waive UIM coverage in its entirety is to comply with 2(g).

The court believes that the probable outcome suggested by *Lopez* is correct. As a general matter, Utah law dictates that courts must "always look first to the statute's plain language in an effort to give effect to the legislature's intent, to the degree it can be so discerned." *In re Olympus Const., L.C.*, 215 P.3d 129, 131 (Utah 2009) (citation omitted). Here, 2(g) plainly states that all that is needed on the form on which an insured waives UIM coverage in its entirety is an explanation of the purpose of UIM. Neither of Ms. Mitchell's arguments convince the court that it should stray from that plain meaning here.

First, 302(1)(c)'s general reference to 305.3(2) should not be read as requiring compliance with both 2(b) and 2(g). To the contrary, under Utah law, "when two provisions address the same subject matter and one provision is general while the other is specific, the specific provision controls." *Emergency Physicians Integrated Care v. Salt Lake County*, 167 P.3d 1080, 1085 (Utah 2007) (*quoting Dairyland Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 882 P.2d 1143, 1146 (Utah 1994)). Here, 302(1)(c) generally refers to complying with 305.3(2) before waiving, while 2(g) specifically refers to waiving UIM coverage in its entirety. As the court understands Utah law, 2(g) should control.

Moreover, 2(b) expressly requires both an explanation of the purpose of UIM coverage and a disclosure of additional premiums. On the other hand, 2(g) requires only an explanation of the purpose of UIM coverage. Under Utah law, "we should give effect to any omission in [a statutes'] language by presuming that the omission is purposeful." *Carrier v. Salt Lake County*, 104 P.3d 1208, 1216 (Utah 2004) (citation omitted). Accordingly, the court must presume that

2(g) purposely left out a requirement that additional premium be disclosed.

Ms. Mitchell's policy argument is also unavailing. Under Utah canons of construction, the first place a court looks to "give effect to the legislature's intent" is "the plain language of the statute." *Progressive Cas. Ins. Co. v. Ewart*, 167 P.3d 1011, 1014 (Utah 2007) (citations omitted). As already mentioned, under its plain language 2(g) requires only an explanation of UIM coverage and no more. To read 2(g) as requiring more would be to go beyond what it plainly states on its face.

## ORDER

For the reasons set forth above, Zurich's motion for summary judgment is GRANTED in its favor.

SO ORDERED this 27th day of January, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge